NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC STEINMETZ, | No. 19-16865 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00064-JCM-VCF |
| v. | |
| AMERICAN HONDA FINANCE CORPORATION; EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CAPITAL ONE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, Senior District Judge, Presiding

Submitted October 8, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

District Judge.

Plaintiff-Appellant Eric Steinmetz ("Steinmetz") appeals from the district court's order dismissing his first amended complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). Mashiri v. Epsten Grinnell & Howell, 845 F.3d 984, 988 (9th Cir. 2017). "The district court's denial of leave to amend the complaint is reviewed for an abuse of discretion." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm in part, reverse in part, and remand.

1. Steinmetz did not make a prima facie showing that American Honda reported inaccurate information to the credit reporting agencies ("CRAs") by not reporting his payments on his car loan after his Order of Discharge was entered, because those debts were "provided for" by his bankruptcy plan. See Matter of Gregory, 705 F.2d 1118, 1122 (9th Cir. 1983) (holding "that the phrase 'provided for' in section 1328(a) simply requires that for a claim to become dischargeable the plan must 'make a provision for' it, i.e., deal with it or refer to it").

But Steinmetz also alleged that American Honda did not report the payments he made after filing his bankruptcy petition but before entry of discharge, that is,

***    The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

2

before the bankruptcy plan "provided for" those debts. Therefore, the district court erred in concluding that American Honda had no obligation to report the payments Steinmetz made during the bankruptcy proceeding but before discharge. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (holding that a consumer has a private right of action against a furnisher of credit information for willful or negligent noncompliance with the requirements in 15 U.S.C. § 1681s-2(b)(1)). For similar reasons, the district court erred in dismissing Steinmetz's §§ 1681e(b) and 1681i claims against Defendant-Appellee Experian Information Solutions, Inc. ("Experian"), to the extent that they were based on Experian's failure to report Steinmetz's payments to American Honda before his Order of Discharge.[1]

2. The report of multiple charge-offs does not support a plausible claim under §§ 1681e(b) and 1681i, because Steinmetz failed to plead that anyone would believe that the account had been charged off more than once. See Shaw v. Experian Info. Sols., Inc., 891 F.3d 749, 757 (9th Cir. 2018) (stating that the standard for actionable conduct is that the imprecision alleged could negatively

---

[1] Steinmetz forfeited any claims under Nevada Revised Statutes ("NRS") section 598C and its subsections because he failed to raise them in his opening brief. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that arguments not raised in a party's opening brief generally are forfeited).

affect credit decisions (citation omitted)).  It is undisputed that an account can be charged off only once.

3. However, the district court erred in dismissing Steinmetz's §§ 1681(e)(b), and 1681i claims against Experian for reporting inconsistent bankruptcy inclusion dates.  Steinmetz plausibly claims that a CRA's inconsistent reporting of bankruptcy inclusion dates is "patently incorrect" or, at least, is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions," Shaw, 891 F.3d at 756, because it could imply that he filed for bankruptcy twice or prolong his bankruptcy's negative effects on his credit.

4. With respect to his § 1681(g) claim, Steinmetz did not allege that he requested a disclosure as is required under that statute.  Therefore, the district court properly dismissed his § 1681(g) claim.

5. The district court erred in dismissing Steinmetz's § 1681e(b) claim for the independent reason that the document Steinmetz received was not a "consumer report" as required in that provision, and no third party ever saw it.  A "consumer report" under § 1681e includes a file procured with "a reasonable expectation that [it] will be put to a use permissible under the [Federal Credit Reporting Act]." Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1274 (9th Cir. 1990).  Steinmetz did not have to allege that he in fact used the report for a

4

permissible purpose (i.e. to secure credit) as long as there was a reasonable expectation that he would.

6. The district court properly dismissed Steinmetz's state law claims brought under NRS sections 598, and 41.600, because Experian disclosed what was required under state statute, and the state law consumer fraud claims are conclusory and implausible.

7. Finally with respect to the claims for which dismissal has been affirmed, the district court did not abuse its discretion in dismissing with prejudice. See Cervantes, 656 F.3d at 1041.

In sum, we affirm the dismissal of Steinmetz's NRS section 598 and 41.600 claims, as well as his §§ 1681g claim and his claims related to the reporting of multiple charge-offs. We reverse the dismissal of the §§ 1681e(b) and 1681i claims against Experian regarding positive payment history before the Order of Discharge and bankruptcy inclusion dates; his § 1681s-2(b) claim against American Honda regarding positive payment history before the Order of Discharge; and the district court's conclusion that Steinmetz's § 1681e claim necessarily fails because he did not plead that the inaccuracies occurred in a "consumer report."

**AFFIRMED IN PART, REVERSED AND VACATED IN PART, AND REMANDED. Each party shall bear its own costs.**